IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Criminal No. 18-CR-3475 WJ |
| | ) |
| **ROBERT DUNSWORTH**, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S APPEAL OF MAGISTRATE DETENTION ORDER**

The United States opposes Defendant Robert Dunsworth's Appeal from Magistrate Detention Order ("Appeal"), filed on January 18, 2019 (Doc. 15). Defendant asks this Court to release him to a half-way house, thereby overturning Chief Magistrate Judge Karen Molzen's assessment that Defendant posed both too great a threat to public safety and a flight risk to release him. In support of this request Defendant argues only that his recent criminal history is relatively non-violent.

Defendant has pointed out no flaw or gap in the reasoning of Judge Molzen, who undoubtedly considered all of Defendant's criminal history as well as his lengthy list of failures to appear in court or comply with conditions of release or probation. In short, Defendant offers this Court no basis on which to overturn Judge Molzen's Order of Detention. The United States respectfully asks the Court deny the Appeal.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On October 23, 2018, the federal grand jury returned a one-count indictment charging Defendant with Felon in Possession of a Firearm and Ammunition contrary to 18 U.S.C. § 922(g)(1). The facts giving rise to the original state arrest and eventual federal indictment of Defendant are straightforward. On June 25, 2018, Albuquerque Police Department patrol officers were dispatched to 615 Virginia St. SE to investigate a mobile home and motorcycle that had been parked for three days, partially blocking the sidewalk. APD Office Zakkery Foster arrived on scene and ran the license plates for the mobile home and motorcycle. Both came back registered to a "Daniel Dunsworth." As Daniel Dunsworth had an outstanding misdemeanor warrant for his arrest, Officer Foster approached the mobile home to determine whether it was occupied.

When he reached the back of the mobile home Officer Foster noticed the back door was partially open. Officer Foster knocked on the door multiple times, each time announcing that he was an APD officer. Hearing no response, Officer Foster pushed the door open far enough to see inside, wherein he saw an adult male lying on the bed. Officer Foster asked the male to step outside. Once the male was outside Officer Foster asked if he had any weapons on him. The male said he had a knife, at which point Officer Foster conducted a pat down of the male for officer safety and removed the knife.

Officer Foster asked the male for identification, and the male produced an ID for Daniel Dunsworth. Officer Foster asked the male if he had any warrants, to which he responded, "I might." Officer Foster then placed the male whom he believed to be Daniel Dunsworth under arrest for the outstanding warrant. In a further search incident to arrest, Officer Foster located three small baggies containing heroin, marijuana and an unknown pill in the male's pocket.

Officer Foster then asked the male whether he had a cell phone to call his wife so she could move the mobile home and motorcycle. The male said he had one inside the mobile home on the bed and gave APD Officer Charles Chavez permission to retrieve the phone. Officer Chavez found a cell phone on the bed, and in plain view right next to it a loaded black semi-automatic handgun. The handgun and additional ammunition were seized for safekeeping in the event the mobile home had to be towed.

ATF Special Agent Samuel Supnick was notified of this arrest and called to the APD Southeast Area Command. There, after giving the male who identified himself as Daniel Dunsworth his *Miranda* warnings, SA Supnick interviewed him about the firearm. Initially the male said the gun belonged to someone else, but then later admitted the gun was his. He further admitted that he had a felony record. The male was later transported to the Metropolitan Detention Center and booked on state charges. State prosecutors moved to detain pretrial this defendant, whom they still believed to be Daniel Dunsworth, but that motion was denied and the male was released under conditions.

On July 3, 2018, APD officers were again dispatched to investigate an illegally parked mobile home, this time in front of 530 Texas St. SE. Upon arrival APD officers confirmed that the mobile home was the same one from the June 25 arrest, and proceeded to contact a female, later identified as Sharon Ortiz, at the door of the mobile home. Inside the mobile home in plain view was another handgun. The officer asked Ortiz to step out of the mobile home at which point Ortiz stated that there was also a male inside. The male stepped out the mobile home shortly thereafter. During questioning Ortiz denied any knowledge of a handgun in the mobile home but stated that the male's name was Robert Dunsworth and that he had been fraudulently using the identity of his deceased brother, Daniel Dunsworth. The mobile home was sealed and towed.

Upon later execution of a search warrant, the second loaded handgun and additional ammunition were located and seized.

The male, who continued to identify himself as Daniel Dunsworth, was again arrested and booked. Finally, once in booking after this second arrest, the male admitted that his true name was Robert Dunsworth, and that "Daniel Dunsworth" was his deceased brother. ATF Special Agent Supnick, after confirming through arrest and finger print records that the current two-time arrestee was indeed named Robert Dunsworth, confirming that Robert Dunsworth had a felony conviction record, and confirming that the two firearms and ammunition found in Robert Dunsworth's possession were functional and manufactured outside of New Mexico, filed the federal criminal complaint underlying the present case.

The United States moved to detain Defendant prior to trial pursuant to 18 U.S.C. § 3142(f)(1), and Defendant exercised his right to have a detention hearing on January 8, 2019. At that hearing Chief Magistrate Judge Karen Molzen heard argument from counsel and considered the assessment of Defendant by Pretrial Services. Judge Molzen issued an Order of Detention Pending Trial on January 8, 2019.

## ARGUMENT

### NO COMBINATION OF CONDITIONS WILL REASONABLY ASSURE THE APPEARANCE OF THE DEFENDANT AND THE SAFETY OF THE COMMUNITY IF DEFENDANT IS RELEASED PENDING TRIAL

**A.     The 18 U.S.C. § 3142(g) Factor Analysis Supports Detention of Defendant**

By its original motion for pretrial detention the United States asserted that no combination of conditions exists that, if Defendant were released pending trial, would assure the appearance of Defendant and the safety of the community. Pretrial Services' independent assessment of Defendant was consistent with the United States' motion, concluding that

Defendant was both a danger to the community and a flight risk, and recommending that he be detained. Defendant now challenges Judge Molzen's Order of Detention, offering only that this Court should be persuaded by the relative nonviolence of Defendant's recent criminal history.

In deciding Defendant's appeal this Court considers the factors expressly set out in 18 U.S.C. § 3142(g): "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a ... controlled substance [or] firearm ....; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release ...." The United States asserts that now, just as at the time of the United States' motion for detention, these factors weigh heavily in favor of continuing the detention of Defendant.

### 1. The Nature and Circumstances of the Charged Offense Weigh in Favor of Detention.

The § 3142 factors first ask the district court to consider the nature and circumstances of the charged offense and the circumstances of the law enforcement encounter that led to Defendant's two arrests. In particular the district court is to look at, among other things, whether the crime involves violence, a controlled substance, or a firearm. When the current charge does involve one or more of these things, this Court has previously decided that this factor weighs in

favor of detention. *See United States v. Vencomo-Reyes*, 2011 U.S. Dist. LEXIS, \*29 (D.N.M., Browning, J.).

In *Vencomo-Reyes,* similar to this case, the defendant was charged with a single count of being an alien in possession of a firearm. No allegation was made that the defendant used the gun in connection with any crime; rather that he just possessed it. Judge Browning found that this fact, while not "heavily in favor," nonetheless weighed in favor of detention. *Id*. Here, as in *Vencomo-Reyes*, Defendant is charged with being a prohibited person (a felon) in possession of a firearm, contrary to 18 U.S.C. § 922(g). Additionally, when Defendant was arrested by APD officers the first time he was in possession of multiple illegal controlled substances; although no federal controlled substance charges have been brought Defendant, the Court can still look this circumstance of his arrest. Following Judge Browning's prior reasoning in *Vencomo-Reyes*, and the plain letter of 18 U.S.C. §3142((g)(1), this Court should consider these arrest circumstances as sufficient reason to detain Defendant pending trial.

**2.      The Case Against Defendant is Strong and Straightforward.**

Defendant has raised no challenge to the strength of the United States' case against him, nor is there any basis to raise such a challenge. Rather, the plain facts as set forth above demonstrate the simplicity and legal strength of the evidence against Defendant. Both of APD's encounters with Defendant were during routine investigations of an illegally parked mobile home. When APD located the first firearm inside the mobile home, they had Defendant's permission to be there and the gun was in plain view. APD seized the second firearm, which also happened to be in plain view from the door of the mobile home, upon execution of a lawful search warrant. Thus, there are no obvious evidentiary problems arising from the seizure of either firearm and or from Defendant's statements admitting the firearms were his. Taken

together this evidence provides strong, admissible proof that Defendant possessed a firearm, the primary element of the charge against him.

The remaining elements of the charged crime—Defendant's felony criminal history and the firearms' interstate nexus—are also easily proven, specifically through court documents confirming Defendant's felony criminal history and expert ATF testimony regarding the origin of the firearm outside of New Mexico. In sum, the evidence against Defendant is clear and strong, and this factor therefore weighs in favor of continued detention.

### 3. Defendant's Criminal History Indicates that He Remains a Danger to the Community.

As the eight-page criminal history section of the Pretrial Services report shows, Defendant has had nearly constant contacts with law enforcement for over 35 years. Defendant likely has spent as much of his adult life in custody as not. Defendant asks this Court to focus only on the last nine years or so of this history, during which Defendant argues he "has had no violent convictions or allegations." (Def. Appl. at ¶ 3). The Court should place little weight this argument.

Defendant's 2013 conviction and his 2015 and 2018 arrests demonstrate that the 35-year life of crime has continued. And Defendant's possession of two loaded firearms in the most recent arrest demonstrates that, while it may be less overt than ten years ago, Defendant's readiness to be violent in connection with his criminal activity remains. In short, Defendant's recent criminal history in no way demonstrates a reformed life. This Court can be confident that the Defendant will be unable to conform to the law should he be released, and each new violation will be a new opportunity for violence, possibly involving yet another firearm.

### 4. Defendant Has Demonstrated No Intention or Willingness to Appear in Court or Otherwise Comply with Court Process.

The Defendant's apparent contempt for the law is rivaled only by his apparent disdain for Court orders. As set forth in the Pretrial Services' report, included in Defendant's arrest and conviction history are fifteen warrants for failure to appear in court or failure to comply with conditions of release or probation. In his appeal Defendant offers no explanation for these failures or makes any promise that they will not simply continue. On the contrary, Defendant illustrated his continued intention to evade court process wherever possible by deliberately providing false identification during his two most recent arrests.

With this record of unexplained failures and recent deception, along with Pretrial Services note of his lack of familial, residential, community, employment, property, and financial ties to New Mexico, any suggestion that Defendant is not a flight risk is absurd. Defendant tacitly concedes this by his Appeal's silence on this issue. Defendant should remain in detention pending trial.

### CONCLUSION

An objective analysis under each of the 18 U.S.C. § 3142(g) factors demonstrates overwhelmingly that Defendant should be detained pending trial. For this reason the United States respectfully requests this Court deny Defendant's Appeal.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 2/1/2019*
Thomas A. Outler
Special Assistant United States Attorney
P. O. Box 607
Albuquerque, NM 87103
(505) 224-1484

I hereby certify that on February 1, 2019, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

 /s/
THOMAS A. OUTLER
Special Assistant United States Attorney